# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSEPH H. SCHROEDER II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-1131-JWB-KGG |
| ) | |
| NEBRASKA FURNITURE MART, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES
## AND REPORT & RECOMMENDATION FOR DISMISSAL

In conjunction with his federal court Complaint (Doc. 1), Plaintiff Joseph H. Schroeder has also filed an Application to Proceed Without Paying Fees or Costs ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1). After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS** the IFP application (Doc. 3) but **recommends** Plaintiff's claims be **dismissed** for failure to state a viable federal cause of action.

**A.  Motion to Proceed IFP.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial

1

means.  28 U.S.C. § 1915(a).  "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'"  *Barnett v. Northwest School*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he is 54 and single with no dependents.  (Doc. 3, sealed, at 1-2.) Plaintiff is currently employed but does not indicate his position.  (*Id*., at 2.)  He receives a modest monthly wage as well as health benefits.  (*Id*.)  He does not receive government benefits other than the unemployment benefits he received after his employment with Defendant was

terminated.  (*Id.*, at 4-5.)  Plaintiff does not own real property, but owns a relatively new automobile, with a significant monthly payment.  (*Id.*, at 3-4.)  He lists a no cash on hand.  (*Id.*, at 4.)  Plaintiff lists typical amounts for monthly expenses, including rent, groceries, utilities, and car insurance.  (*Id.*, at 5.)  He also lists significant student loans as well as "various pay day loans."  (*Id.*, at 6.)  Plaintiff has previously filed for bankruptcy.  (*Id.*)

The Court finds that, based on the information provided, Plaintiff's monthly expenses exceed his monthly income.  As such, his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs.  The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*.  (Doc. 3, sealed.)

**B.      Sufficiency of Complaint and Recommendation for Dismissal.**

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests."  ***Mitchell v. Deseret Health Care Facility***, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013).  The purpose of § 1915(e) is

"the prevention of abusive or capricious litigation." ***Harris v. Campbell***, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. ***Hall v. Bellmon***, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* ***Kay v. Bemis***, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* ***Moore v. Guthrie***, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a pro se plaintiff. *See* ***Jackson v. Integra Inc.***, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. ***Hall***, 935 F.2d at 1110; *see also* ***Haines v. Kerner***, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and

sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the

pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that she has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff contends he has been granted Power of Attorney by "an associate, Jenna Gallegos," to "resolv[e] her bill" with Defendant Nebraska Furniture Mart ("NFM"). (Doc. 1, at ¶ 1.) He contends that NFM refused to acknowledge his Power of Attorney to act on behalf of Plaintiff. (*Id*., at ¶ 2.) He further, and somewhat contradictorily, contends that NFM "repeatedly called him on his business line to try and collect the balance [on Ms. Gallegos's account] even after he advised them that if they would not honor the POA, told over and over not to contact him." (*Id.*, at ¶ 3.) Plaintiff thus contends Defendant is in violation of the Fair Debt Collections Practices Act as well as the Truth In Lending Act, "for harassing Plaintiff over an account they cannot decide if he does or does not have responsibility for." (*Id.*, at ¶ 5.)

As an initial matter, Defendant does not constitute a "debt collector" as that term is defined under the Fair Debt Collections Practices Act. Pursuant to the Act, a "debt collector" is defined as

any person who uses any instrumentality of interstate commerce or the mails **in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another**.  Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.  For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.  The term does not include –

> (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
>
> (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;
>
> (C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;
>
> (D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;

> (E) any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and
>
> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6) (emphasis added). The Complaint specifically indicates that Defendant's actions are in attempt to collect its own account, not that Defendant is in the business of "the collection of any debts, or [to] regularly collect[s] or attempt[s] to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Plaintiff has thus failed to state a cause of action under the Fair Debt Collections Practices Act.

Plaintiff's Complaint also references a violation of the Truth in Lending Act. 15 U.S.C. § 1601, *et seq*. The facts alleged in the Complaint, however, do not implicate the Truth in Lending Act in any way. As such, Plaintiff has failed to state a viable cause of action under this statue. The undersigned Magistrate Judge

thus **recommends** to the District Court that Plaintiff's claims be **DISMISSED** in their entirety for failure to state a cause of action pursuant to federal law.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3) is **GRANTED**.

IT IS **RECOMMENDED**, however, to the District Court that Plaintiff's Complaint be **DISMISSED**. The Clerk's office shall not proceed to issue summons in this case.

IT IS THEREFORE ORDERED that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 23rd day of May, 2019.

                                        S/ KENNETH G. GALE
                                        KENNETH G. GALE
                                        United States Magistrate Judge