**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


JOSEPH H. SCHROEDER, II,

            Plaintiff,

v.                                         Case No.  19-1131-JWB


NEBRASKA FURNITURE MART,

            Defendant.


**MEMORANDUM AND ORDER**

This matter is before the court on a Report and Recommendation ("R&R") from United States Magistrate Judge Kenneth G. Gale.  (Doc. 5.)  The R&R recommends dismissal of all claims asserted by Plaintiff in his complaint.  Plaintiff has not filed any objection to the R&R within the 14-day period permitted by Fed. R. Civ. P. 72(b)(2).  For the reasons stated below, the court ADOPTS the R&R and DISMISSES Plaintiff's claims.

In his one-page complaint, Plaintiff alleges that he was assigned a power of attorney to assist an individual with her bill from Defendant Nebraska Furniture Mart.  Plaintiff claims that Defendant refused to tell him the account balance or accept his payment on the account.  Plaintiff alleges that Defendant's actions violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601.  Judge Gale recommended dismissal of Plaintiff's FDCPA claim because the allegations fail to establish that Defendant is a debt collector under the FDCPA.  Judge Gale recommended dismissal of the TILA claim because the complaint fails to allege a violation of the TILA.  Reviewing the complaint, the court agrees.

To state a claim under the FDCPA, Plaintiff must prove that a "debt collector's effort to collect a 'debt' from a 'consumer' violated some provision of the FDCPA." *Maynard v. Cannon*, 401 F. App'x. 389, 393 (10th Cir. 2010). Under the statute, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, **debts owed or due or asserted to be owed or due another**." 15 U.S.C. § 1692a(6) (emphasis supplied.) The facts allege that the debt at issue is owed to Defendant. There is no allegation that Defendant was attempting to collect on an account that was owed to someone other than Defendant. Viewing the facts in a light most favorable to Plaintiff, the allegations do not support a finding that Defendant is a debt collector under the FDCPA.[1] As such, Plaintiff cannot maintain a claim against Defendant under the FDCPA.

As to Plaintiff's claim under the TILA, Plaintiff has not sufficiently alleged any facts that would support a violation of a specific provision or provisions of the TILA. Rather, Plaintiff just states that Defendant "by their [sic] own admission [is] in violation of the Truth In Lending Act." (Doc. 1 at 1.)

On June 19, 2019, notice of the filing of the R&R and a copy of the R&R was mailed to Plaintiff by both first class and certified mail at the address he included on his complaint. (*See* ECF June 19, 2019 Notice.) While the certified letter was returned to the court as "not deliverable as addressed," the first-class mail was not returned to the court and, presumably delivered to the address. Plaintiff had 14 days after service of the R&R to file objections, but he has not done so. Under Fed. R. Civ. P. 72(b), the court is only required to review de novo "any part of the magistrate judge's disposition that has been properly objected to." *See also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the

---

[1] Plaintiff is also not a consumer as that term is defined under the statute. 15 U.S.C. § 1692a(3).

report or specified proposed findings or recommendations to which objection is made.") The court has nevertheless reviewed the magistrate judge's recommendations in this matter and concludes the R&R is appropriate and should be adopted in its entirety.

The court also notes that Plaintiff is proceeding in forma pauperis. As a result, this court has authority under 28 U.S.C. § 1915(e)(2) to dismiss the complaint upon a determination that it fails to state a claim. For the reasons stated in Judge Gale's R&R and the reasons stated herein, the court finds that Plaintiff's complaint fails to state a claim.

IT IS THEREFORE ORDERED this 16th day of July, 2019, that the Report and Recommendation (Doc. 5) of Magistrate Judge Gale is ADOPTED. Plaintiff's claims are hereby DISMISSED as to Defendant as recommended in the R&R. The clerk is directed to enter judgment of dismissal.

 _s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE